UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

          v.           Case No. 06-CR-250

ANDREA FONDER,

          Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING

On October 5, 2006, the grand jury returned a three count indictment against Andrea Fonder ("Fonder") alleging that Fonder reported to the Social Security Administration on twenty-nine occasions that she had not received either her Supplemental Security Income check or the check of one of the two individuals for whom she acted as representative payee, when in fact she had. These reports allegedly caused replacement checks to be issued by the Social Security Administration, which were then cashed along with the original check. Counts one and two represent two specific checks that Fonder allegedly fraudulently obtained, in violation of Title 18, United States Code, Section 1341. Fonder is charged in count three with making a false statement to the Social Security Administration, in violation of Title 18, United States Code, Section 1383a(a)(2).

On November 13, 2006, Fonder filed a motion to suppress statements and requested an evidentiary hearing. Fonder's motion does not comply with Criminal L.R. 12.3 or this court's pretrial order dated October 16, 2006. Fonder does not state that she has discussed this matter with the government and does not set forth the facts that are disputed and must be determined at an

evidentiary hearing. Fonder's motion also lacks an estimate of the amount of in court time necessary for the hearing.

The government has responded to Fonder's motion and opposes her request for an evidentiary hearing on the issue of whether Fonder's statement was obtained in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). The government submits that Fonder fails to set forth in her motion a basis upon which a reasonable person could have believed they were in custody. Specifically, the government points out that the special agent from the Social Security Administration who questioned Fonder never identified himself as a law enforcement officer but identified himself merely as an employee of the Social Security Administration. This interview was conducted in Fonder's home and Fonder's husband was also present during the interview.

Based upon Fonder's own facts set forth in Fonder's motion, this court does not believe an evidentiary hearing is necessary regarding the <u>Miranda</u> issue. If Fonder did not know that the special agent was working as a law enforcement officer, it is not reasonable for her to believe that she was in custody and thus not free to leave. The other factors cited by the government also support the conclusion that Fonder was not in custody. Quite simply, Fonder's motion fails to set forth any facts, aside from perhaps being asked questions by a government employee, which could possibly cause a reasonable person to believe that she was in custody. Without a custodial interrogation, the protections enunciated in <u>Miranda</u> are not implicated.

However, the government does not oppose Fonder's request for an evidentiary hearing on the issue of voluntariness. Therefore, despite Fonder's failure to comply with the local rules or this court's order, based upon the information presented in her motion, Fonder's request for an evidentiary hearing regarding the issue of whether or not Fonder's statement was voluntarily made shall be granted.

**IT IS THEREFORE ORDERED** that the defendant's request for an evidentiary hearing is **granted**. An evidentiary hearing is scheduled to commence **November 29, 2006** at **9:30 a.m.** in Courtroom 254 of the United States Federal Courthouse, located at 517 E. Wisconsin Ave, Milwaukee, Wisconsin. The court has scheduled three hours of court time for this hearing. If either party believes additional time is necessary to conduct this hearing, the party shall promptly notify this court upon receipt of this Order.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge